## In re Weller

*Caldwell, Fox & Stoner,* for petitioner.

*Adrian Bonnelly,* Deputy Attorney General, and *Charles J. Margiotti,* Attorney General, for Commonwealth.

HARGEST, P. J., September 24, 1936.—On September 4, 1936, nomination papers purporting to nominate Charles Henry Weller as a candidate of the Royal Oak Party for the office of Representative in Congress for the Ninth Congressional District of Pennsylvania, to be filled at the general election to be held November 3, 1936, were filed in the office of the Secretary of the Commonwealth. Objections to said nomination papers were filed on September 14, 1936, in the office of the prothonotary. No notice of the proposed objections was served upon Mr. Weller nor was any proof of service filed with the objections until September 21, 1936, when proof of service of the notice of hearing was filed in the office of the Prothonotary of

Dauphin County. Weller had no notice of the proposed objections until September 18, 1936. Subsequent to the filing of the objections to the nomination papers a petition to dismiss the objections was filed on the ground that no notice whatever of the proposed objections or any proof of service of said notice had been filed in the prothonotary's office.

Section 6 of the Ballot Law of June 10, 1893, P. L. 419, as amended by section 2 of the Act of July 9, 1919, P. L. 832, 25 PS §§975, 976, and 977, provides for the filing of objections and the hearing thereof by the court. It provides, in part:

"No objection of any nature whatever shall be filed unless accompanied by proof of service of notice of the proposed objection upon at least one of the candidates named in the paper objected to, nor shall any objection be heard in the absence of any of the said candidates without proof of service of notice of the hearing upon them."

The right to file nomination papers and objections thereto is statutory and it has been said many times by the courts that the provisions of the statute must be observed.

In a long line of cases it has been held that objections to nominations will be stricken off when they are filed without being accompanied by proof of service of notice of the proposed objections: In re Brown's Nomination, 3 Erie 219; In re Pillar's Nomination Papers, 46 York 124; In re Nomination of Slayton et al., 5 Dauph. 270; Thomas' Nomination Papers, 6 Dauph. 245. In Palm's Nomination et al., 6 Dauph. 252, where notice was served upon the candidate at 11 o'clock in the evening but proof thereof was not made until the next day and was not filed with the objections until the following day, it was held that there was not a compliance with the act and the objection should be stricken off. In Nomination Paper of Thomas, 6 Dist. R. 652, this court held that the statute did

not require a notice of the "'filing" of objections, but that the candidate should "receive notice of the objections themselves." See also In re Fowler's Nomination, 27 Dauph. 289.

In view of these authorities it is apparent that the objections in this case cannot be heard. The required statutory notice has not been given nor has proof of service of any notice been made. It follows that the objections must be dismissed.

And now, September 24, 1936, the petition of Charles Henry Weller to dismiss the objections filed by J. R. Larsen to the nomination papers purporting to nominate Charles Henry Weller as a candidate of the Royal Oak Party for the office of Representative in Congress for the Ninth Congressional District of Pennsylvania at the election to be held November 3, 1936, is hereby sustained and the objections are hereby dismissed. The prothonotary is directed to certify this judgment to the Secretary of the Commonwealth.